FILED

2015 JUN 12 PM 3:49

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| Telephone Science Corporation, | Case No. |
|---|---|
| Plaintiff, | 6:15-cv-969-orl-41GJK |
| v. | **COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF** |
| Hilton Grand Vacations Company, LLC, | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Telephone Science Corporation ("Plaintiff" or "TSC"), is a Delaware corporation that maintained its principal place of business in Mount Sinai, New York at all times relevant to this action.

2. Defendant, Hilton Grand Vacations Company, LLC ("Defendant" or "Hilton"), is a Delaware limited liability company that maintained its principal place of business in Orlando, Florida at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Hilton resides in this judicial district.

## BACKGROUND

### *Telephone Science Corporation's Business*

5. TSC operates "Nomorobo," a service designed to help consumers avoid incoming computerized telephone calls that the Federal Trade Commission ("FTC") refers to as "robocalls."

6. The FTC defines a "robocall" as one in which the caller uses a recorded or automated voice. *See* "Consumer Information: Robocalls," http://www.consumer.ftc.gov/articles/0259-robocalls.

7. In 2013, Nomorobo was one of two winners of the FTC's first Robocall Challenge, a public contest to design a system to stop unsolicited telemarketing calls before the calls can ring through to the subscriber of the called telephone number. *See* "FTC Announces Robocall Challenge Winners," https://www.ftc.gov/news-events/press-releases/2013/04/ftc-announces-robocall-challenge-winners.

8. The Nomorobo technology distinguishes between "blacklist" robocaller telephone numbers and "whitelist" numbers associated with acceptable incoming calls. *Id.*

9. As of the date on which this complaint is being filed, the Nomorobo service has helped consumers to avoid over 24 million unwanted robocalls.

10. In addition to providing the Nomorobo service to consumers, TSC maintains a "honeypot" group of telephone numbers, from which TSC is able to gather information related to inbound calls.

11. According to the FTC, a robocall "honeypot" is "an information system designed to attract robocallers, and help law enforcement authorities, researchers, and others gain enhanced insight into robocallers' tactics." *See* "FTC Announces Winners of 'Zapping Rachel'

Robocall Contest," https://www.ftc.gov/news-events/press-releases/2014/08/ftc-announces-winners-zapping-rachel-robocall-contest.

12. In order for TSC's robocall detection algorithm to accurately detect high frequency robocalling patterns, it compiles a large quantity of data related to calls placed to telephone numbers in the TSC "honeypot."

13. The TSC "honeypot" is comprised of thousands of telephone numbers to which TSC subscribes.

14. ***Only Hilton's calls to telephone numbers in the TSC "honeypot" are at issue in this case.***

### *Hilton's Business*

15. Hilton develops, manages, markets, and operates a system of time-share resorts that "members of the Hilton family" can jointly own along with other "members of the Hilton family."

16. Hilton advertises its resort properties through direct telephone marketing.

17. In connection with Hilton's business, Hilton places telephone calls using a "predictive dialer" and/or an artificial or prerecorded voice.

18. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

## HILTON'S CALLS TO TSC

19. On or around March 2014, Hilton began calling telephone numbers to which TSC was the subscriber (the "TSC Numbers").

20. The TSC Numbers are identified in Exhibit A and are part of the TSC "honeypot."

21. TSC was the subscriber to each TSC Number Hilton called at the time of the call.

22. TSC continues to subscribe to each TSC Number.

23. Prior to the time when Hilton began calling the TSC Numbers, TSC had not provided express consent to Hilton to call any TSC Number.

24. At no time after Hilton began calling the TSC Numbers has TSC provided express consent to Hilton to call any TSC Number.

25. Each TSC Number is assigned to a telephone service for which TSC is charged for the call.

26. As of the date on which this complaint is being filed, Hilton placed approximately eleven thousand four hundred fifty (11,450) telephone calls to the TSC Numbers using a predictive dialer and/or an artificial or prerecorded voice.

## APPLICABLE LAW

27. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

28. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity...(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

29. A predictive dialer is an ATDS within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS, *7-9 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

30. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>
>> * * *
>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or *any service for which the called party is charged for the call*...
>>
>> (D) to use an automatic telephone dialing system in such a way that *two or more telephone lines of a multi-line business are engaged simultaneously*.

47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(D) (emphases added).

31. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the person or entity subscribing to the called number at the time the telephone call is made. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014).

32. TSC was the "called party" in each telephone call Hilton placed to a TSC Number. *See Telephone Science Corp. v. Trading Advantage, LLC*, 2015 U.S. Dist. LEXIS 18591, *3

(N.D. Ill. Feb. 17, 2015) (based on unambiguous language in TCPA, "TSC's allegations fall within the statutory prohibition of § 227(b)(1)(A)(iii)").

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

33. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 32 above as if fully set forth herein.

34. Hilton negligently violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by using an ATDS and/or an artificial or prerecorded voice to call TSC at a telephone number assigned to a service for which TSC is charged for the call without TSC's prior express consent.

## COUNT TWO

### Willful and Knowing Violation of the Telephone Consumer Protection Act

35. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 32 above as if fully set forth herein.

36. The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

37. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

38. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have

known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015) *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

39. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; *see also Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

40. Hilton voluntarily placed telephone calls to the TSC Numbers using an ATDS and/or an artificial or prerecorded voice.

41. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 1316, 1322 (S.D. Fla 2012).

42. Hilton failed to adequately place intermittent live verification calls to the TSC Numbers to ensure that TSC had provided its express consent to Hilton to call those telephone numbers.

43. Hilton willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by using an ATDS and/or an artificial or prerecorded voice to call TSC at a telephone number assigned to a service for which TSC is charged for the call without TSC's prior express consent.

## JURY DEMAND

44. TSC demands a trial by jury.

## **PRAYER FOR RELIEF**

45. TSC prays for the following relief:

   a. An order enjoining Hilton from placing further telephone calls to the TSC Numbers pursuant to 47 U.S.C. § 227(b)(3).

   b. Judgment against Hilton for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Hilton made in violation of the TCPA.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ H. Karen Gatto
One of Plaintiff's Attorneys

*Of Counsel*
H. Karen Gatto, Esq.
Florida Bar No. 0190527
Hyslip & Taylor, LLC, LPA
8270 Woodland Center Blvd.
Tampa, FL 33614
Phone: 800-675-5507
Date: June 11, 2015                Email: Kgatto@gattolaw.com