UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TELEPHONE SCIENCE
CORPORATION,**

              **Plaintiff,**

**v.**                                       **Case No:  6:15-cv-969-Orl-41DAB**

**HILTON GRAND VACATIONS
COMPANY, LLC,**

              **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's, Hilton Grand Vacations Company, LLC

("Hilton"), Motion to Stay Pending Decision in *Spokeo v. Robins* (Doc. 22), to which Plaintiff,

Telephone Science Corporation ("Telephone Science"), has responded, (*see* Resp., Doc. 27).[1] For

the reasons set forth below, the Motion to Stay will be granted.

### I.     BACKGROUND

This action arises from purported violations of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227.

#### A.     Present Case

According to Telephone Science, it operates a service called "Nomorobo," through which

it helps consumers avoid automated telephone calls or "robocalls"—i.e., computer-initiated calls

that use a recorded or automated voice. (Am. Compl., Doc. 16, ¶¶ 5–6). To identify such calls, the

---

[1] A courtesy copy of the Response was received by chambers. Such copies are neither necessary nor favored. *See* Judicial Info for U.S. District Judge Carlos E. Mendoza, *United States District Court, Middle District of Florida*, https://www.flmd.uscourts.gov/judicialInfo/Orlando/Jg Mendoza.htm (last visited Nov. 16, 2015).

Nomorobo technology relies on an algorithm, developed by analyzing inbound calls to a large pool of Telephone Science-owned phone numbers. (*Id.* ¶¶ 8, 10–11). Telephone Science refers to its pool as its "honeypot" and avers that the honeypot is comprised of thousands of telephone numbers. (*Id.* ¶ 12). Telephone Science alleges that Hilton has placed over 14,100 calls to numbers within Telephone Science's honeypot. (*Id.* ¶ 32).

As a result, Telephone Science initiated this case on June 12, 2015, alleging violations of the TCPA, which prohibits the making of any non-emergency, unconsented-to calls "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to . . . any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii). Telephone Science seeks injunctive relief, as well as statutory damages under § 227(b)(3).

### B.    Spokeo

In *Robins v. Spokeo, Inc.*, the plaintiff alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* based on the publication of inaccurate consumer information regarding the plaintiff. No. 2:10-cv-5306-ODW-AGR, 2011 WL 597867, at *1 (C.D. Cal. Jan. 27, 2011). The district court ultimately held that bare allegations as to the statutory violation were insufficient to satisfy the injury-in-fact requirement for constitutional standing. *See Robins v. Spokeo, Inc.*, 742 F.3d 409, 410–11 (9th Cir. 2014). On appeal to the Ninth Circuit, the panel reversed the district court and held that the alleged violation of the plaintiff's statutory rights, in itself, was sufficient to satisfy the injury-in-fact requirement. *Id.* at 413–14. Specifically, the panel held that the relevant interests protected by the FCRA were "sufficiently concrete and particularized" so that any purported deprivation thereof would satisfy the requirements of Article III. *Id.* On April 27, 2015, the Supreme Court granted the defendant's petition for a writ of

certiorari, *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), with the question presented as, "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute," Pet. Writ of Cert. at i, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. May 1, 2014); Br. of Pet'r at i, *Spokeo, Inc. v. Robins*, No. 13-1339 (U.S. July 2, 2015).[2] The Supreme Court heard oral argument on November 2, 2015.

## II.   DISCUSSION

Hilton interprets the Amended Complaint as alleging only bare violations of the TCPA and, therefore, argues that a stay pending the resolution of *Spokeo* is appropriate. Such arguments are well-taken.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Consequently, a district court may "stay a case pending the resolution of related proceedings in another forum." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam). In doing so, the stay may not be "immoderate," which requires inquiry into "the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." *Id.* Stated differently, a "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936). Where "a federal appellate decision . . . is likely

---

[2] According to the Solicitor General, the issue is "[w]hether respondent's complaint identified an Article III injury-in-fact by alleging that petitioner had willfully violated 15 U.S.C. [§] 1681e(b) by publishing inaccurate personal information about respondent in consumer reports prepared by petitioner without following reasonable procedures to assure the information's accuracy." Br. for United States as Amicus Curiae Supporting Resp't, No. 13-1339 (U.S. Sept. 8, 2015).

to have a substantial or controlling effect on the claims and issues," a stay may be warranted. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

As an initial matter, Telephone Science attempts to avoid a stay by distinguishing *Spokeo*, wherein the core issue is whether the alleged FCRA violation is a sufficient injury-in-fact. Particularly, Telephone Science maintains that it does not allege bare violations of the TCPA; rather, it also alleges out-of-pocket expenses in the form of per-minute charges for received calls. According to Telephone Science, such out-of-pocket expenses are an adequate injury-in-fact under the constitutional standing inquiry. *See I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014) ("Standing is one of the Article III case or controversy requirements . . . . To have standing, the plaintiffs must demonstrate injury in fact, causation, and redressability."); *see also id.* ("An injury in fact is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992))).

Nevertheless, such an argument fails to consider that standing "cannot be dispensed in gross." *Id.* at 1279 (quotation omitted). Assuming that the alleged out-of-pocket expenses confer standing to challenge the expense-inducing calls,[3] such a result would say nothing about whether standing exists to challenge the expense-free calls.[4] *See Davis v. Fed. Election Comm'n*, 554 U.S.

---

[3] Presently, the Court offers no opinion as to whether such allegations are sufficient to satisfy the injury-in-fact requirement.

[4] To be sure, the Amended Complaint does not distinguish between the two categories of calls; rather, it broadly states that Telephone Science "incurred out-of-pocket expenses in the form of per-minute charges as a direct and proximate result of the calls Hilton placed." (Am. Compl. ¶ 46). It goes without saying that a per-minute charge can only be incurred with regard to answered calls, and thus, the distinction between the expense-inducing calls and the expense-free calls goes to whether the calls were answered. Telephone Science readily concedes this much. (*See* Resp. at 10; Foss Decl., Doc. 27-3, ¶¶ 13–14). To the extent Telephone Science takes issue with such extra-pleading analysis, the Court is not presently addressing the allegations of the Amended Complaint via motion to dismiss, *see Lujan*, 504 U.S. at 561 (noting that the burden of proof as to standing

724, 734 (2008) ("'[A] plaintiff must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).[5] In the least, Telephone Science makes no attempt to show how an injury flowing from one set of calls operates to confer standing as to another set of calls, where no such injury resulted. *See Lujan*, 504 U.S. at 560 (noting that the resulting injury must be "particularized" and "actual"). In the absence of such a showing, it appears that the latter set of calls is grounded solely in technical violations of the TCPA. Whether such allegations are sufficient under Article III is at issue in *Spokeo*.

The Court will exercise its discretion to stay this case pending the Supreme Court's resolution of *Spokeo*. As noted, the issue in *Spokeo* boils down to whether bare statutory violations are sufficient to confer Article III standing. While that case involves claims under the FCRA, the constitutional question extends to the TCPA. Additionally, even assuming that *Spokeo* would not affect the present TCPA claims with regard to the expense-inducing calls, it would affect the TCPA claims with regard to the expense-free calls, which Telephone Science concedes make up the bulk of its case. (*See* Foss Decl. ¶¶ 10, 13). Particularly, a broad substantive holding by the *Spokeo* Court in either direction would presumptively dispose of the relevant subject-matter jurisdiction concerns as to the expense-free calls. On the other hand, if the *Spokeo* Court were to adopt a middle ground, *see Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250–51 (11th Cir. 2015); *see also Robins*, 742 F.3d at 413–14, then the forthcoming decision would

---

varies "with the manner and degree of evidence required at the successive stages of the litigation"), but is, instead, determining whether to exercise its discretion to stay this case.

[5] While all the TCPA violations are lumped into two counts, each purported call amounts to an independent violation—capable of supporting an independent claim—and, therefore, must be individually analyzed for purposes of constitutional standing. *See I.L.*, 739 F.3d at 1279 ("[W]e address standing for each category of claims separately.").

guide this Court's analysis. Moreover, this case is relatively young. The deadline for moving to amend the pleadings is over three months away. There is little advantage to proceeding with discovery and motions practice where the viability of much of the claims is to be shortly ascertained, especially considering that those claims will be the topic of such discovery and motions practice. Lastly, there is no indication that Telephone Science will suffer any prejudice for which a legal remedy would not suffice. Thus, this case will be temporarily stayed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Stay Pending Decision in *Spokeo v. Robins* (Doc. 22) is **GRANTED**.

2. This Case is **STAYED** pending the Supreme Court's resolution of *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (No. 13-1339).

3. On or before **June 15, 2015**, and every **thirty days thereafter**, Plaintiff Telephone Science Corporation ("Telephone Science") shall file a report as to the status of *Spokeo*. Additionally, within **fourteen days** of the Supreme Court's decision in *Spokeo*, Telephone Science shall notify this Court.

4. The clerk is directed to **ADMINISTRATIVELY CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record